IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISON

| | | |
|---|---|---|
| Glen Strickland, Jr., | ) | Civil Action No. 9:18-503-BHH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Lt. Deangelo Ford, Sgt. James Williams, | ) | |
| Warden Cohen, Associate Warden | ) | |
| Burton, Lt. Bryant, Sgt. Smalls, Sgt. | ) | |
| McKurstry, Sgt. Hancock, Sgt. Rubeo, | ) | |
| Sgt. Myrick, Sgt. Fuller and Sgt. Strand, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Glen Strickland, Jr. ("Plaintiff"), a frequent filer of *pro se* litigation in this Court, brought this civil action pursuant to 42 U.S.C § 1983, alleging violations of his constitutional rights. (ECF. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on May 2, 2019. (ECF No. 54.) In his Report, the Magistrate Judge recommends that the Court grant Defendants Ford, Williams, Cohen, Burton, Bryant, Myrick, and Fuller's motion for summary judgment (ECF No. 37) and dismiss all claims asserted against these Defendants. (ECF No. 54 at 23.) In addition, the Magistrate Judge recommends that the Court grant the remaining Defendants' motion to dismiss for lack of service (ECF No. 36) and dismiss the case *in toto*. (ECF No. 54 at 23.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them

here without recitation.[1]

## BACKGROUND

Magistrate Judge Marchant issued the Report on May 2, 2019. (ECF No. 54.) Plaintiff filed objections on May 17, 2019. (ECF Nos. 56, 56-1.) Defendants Ford, Williams, Cohen, Burton, Bryant, Myrick, and Fuller filed an objection to the Report insofar as it failed to address whether this action should be counted as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act. (ECF No. 57.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

**DISCUSSION**

The Magistrate Judge first found that, under Federal Rule of Civil Procedure 4(m), Defendants McKurstry, Smalls, Strand, Rubeo, and Hancock are all entitled to dismissal as party Defendants because they have never been served with process in this case. (ECF No. 54 at 3.) Accordingly, the Magistrate Judge concluded that these Defendants' motion to dismiss (ECF No. 36) should be granted. Plaintiff did not object to this conclusion and the Court finds no error in the Magistrate Judge's analysis or recommendation. Consequently, the recommendation is adopted.

The Magistrate Judge next found that Plaintiff exhausted his administrative remedies with respect to three of the nine grievances he filed while at Ridgeland Correctional Institution ("RCI"), and that of these three exhausted grievances, only two— RCI-379-15 and RCI-61-16—reference Plaintiff's claims against a properly served Defendant. (ECF No. 54 at 5–6.) Accordingly, the Magistrate Judge concluded that, other than the claims noted in those two grievances, the moving Defendants are entitled to dismissal of the claims asserted against them in this lawsuit. (*Id.* at 7.) Plaintiff did not object to this conclusion and the Court finds no error in the Magistrate Judge's analysis or recommendation. Therefore, the recommendation is adopted.

The Magistrate Judge next reviewed the allegations contained in RCI-379-15 (claims of harassment) and RCI-61-16 (November 2015 incident). (*Id.* at 7–23.) With respect to the November 2015 incident, the Magistrate Judge found that, even assuming Plaintiff's version of events to be true for purposes of summary judgment, the force used against Plaintiff was not sufficient to create a genuine issue of fact as to whether Plaintiff's constitutional rights were violated, and concluded that the claim should be dismissed. (*Id.*

3

at 9–14.) With respect to Plaintiff's claims of harassment, the Magistrate Judge found that, assuming the factual allegations set forth in Plaintiff's complaint to be true for purposes of summary judgment, the allegations of harassment set forth distasteful conduct but fail to establish a viable constitutional claim. (*Id.* at 14–22.) Accordingly, the Magistrate Judge concluded that Defendants are entitled to summary judgment on the harassment claims, and those claims should be dismissed. (*Id.* at 14–22.) Nonetheless, Magistrate Judge Marchant noted that his findings regarding the harassment claims do not preclude the possibility that Plaintiff may have some viable state law claim(s) relating to his harassment allegations, or some further internal prison remedies he may pursue. (*Id.* at 22.) However, the Magistrate Judge reiterated that the evidence simply fails to establish contested issues of fact on claims of a constitutional magnitude. (*Id.* at 22–23.)

Plaintiff first objects by arguing minor details of the physical interaction between himself and Defendants Williams, Myrick, Ford, and (unserved Defendant) McKurstry in November 2015. (*See* ECF No. 56-1 at 1.) Plaintiff's rambling, unsupported assertions fail to point the Court to any specific error in the Magistrate Judge's reasoning or conclusions and are unavailing to demonstrate the existence of any genuine issue of material fact that would prevent the entry of summary judgment. Accordingly, the objection is overruled.

Plaintiff next objects by quibbling over minor, irrelevant aspects of his many disagreements with Defendants Ford, Williams, Burton, and Cohen about his housing assignments at RCI, his participation in out of cell activities, alleged tampering with his meals, and general harassment directed toward him. (*See* ECF No. 56-1 at 1–2.) Again, Plaintiff's unsupported assertions fail to point the Court to any error in the Magistrate

4

Judge's reasoning or conclusions. Plaintiff has not demonstrated a genuine dispute regarding a material fact relevant to any harassment claim of constitutional magnitude. The Court agrees with the sound analysis of the Magistrate Judge and overrules the objection.

The remainder of Plaintiff's objections either address a Defendant not named in this lawsuit (*see* ECF No. 56 at 1 (referencing "Ofc. Johnson" at Lieber Correctional Institution)), or lack the specificity and/or relevance to warrant individualized consideration here (*see* ECF No. 56-1). Suffice it to say, Plaintiff has not pointed the Court to any error in the Magistrate Judge's analysis. Accordingly, Plaintiff's objections are overruled *in toto*.

Defendants Ford, Williams, Cohen, Burton, Bryant, Myrick, and Fuller (hereinafter "Defendants") did not object to the substance of the Magistrate Judge's findings and recommendations regarding disposition of Plaintiff's claims and dismissal of the case. (*See* ECF No. 57.) Accordingly, the only issue still requiring the Court's consideration is Defendants' objection regarding the Report's failure to address whether this action should count as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act, which the Court will now address *de novo*.

Defendants argue that this case should be designated as a strike pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(1) and 1915A(b)(1), because the lawsuit is baseless and constitutes a waste of judicial resources. (*See* ECF No. 57 at 2–7.) This action is one of seven *pro se* lawsuits in this district—six of which have been assigned to the undersigned—that Plaintiff has filed *in forma pauperis* alleging similar or identical claims each time he is transferred to a new confinement facility. (*See id.* at 4–7 (summarizing the history of Plaintiff's lawsuits in the District of South Carolina and identifying repeated

allegations).) Indeed, the undersigned recently conducted an analysis of whether another of Plaintiff's lawsuits assigned to the Court should count as a strike and found that it should. *See* ECF No. 48, *Strickland v. Robinson, et al.*, C/A No. 9:18-cv-793 (D.S.C. Sept. 11, 2019). However, the Court finds that the instant case should not count as a strike against Plaintiff because, though unsuccessful at surviving summary judgment, Plaintiff had at least a colorable excessive force claim regarding the November 2015 incident and exhausted his administrative remedies regarding that claim. (*See* ECF No. 54 at 9–14.) Accordingly, the Defendants' objection is overruled.

## CONCLUSION

For the reasons set forth above, the Report (ECF No. 54) of the Magistrate Judge is ADOPTED and incorporated herein. The Court OVERRULES Plaintiff's and Defendants' objections (ECF Nos. 56, 56-1, & 57). Defendants Ford, Williams, Cohen, Burton, Bryant, Myrick, and Fuller's motion for summary judgment (ECF No. 37) is GRANTED, and all claims asserted against these Defendants are dismissed. With respect to the claims on which summary judgment is being granted due to Plaintiff's failure to exhaust his administrative remedies, the dismissal is *without prejudice.* (*See* ECF No. 54 at 4–9, 23.) All other dismissed claims are dismissed *with prejudice*. The remaining Defendants' motion to dismiss for lack of service (ECF No. 36) is GRANTED, and the case is dismissed *in toto*.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 12, 2019
Charleston, South Carolina